UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                    :

KEVIN BENJAMIN,                       :

                       :

             Plaintiff,         :           17-CV-1720 (JMF)

                       :

        -v-                  :       MEMORANDUM OPINION
                       :           AND ORDER

CONSOLIDATED EDISON COMPANY OF NEW    :
YORK, INC. et al.                 :

                       :

            Defendants.      :

                       :

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/20/2018

JESSE M. FURMAN, United States District Judge:

Plaintiff Kevin Benjamin is an electrical technician employed by Defendant Consolidated

Edison Company of New York, Inc. ("ConEd"). (Docket No. 1 ("Compl."), at ¶ 1). Benjamin

brings disability discrimination and retaliation claims under the Americans with Disabilities Act

of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law. § 290 *et seq.*; and the New York City Human Rights Law

("NYCHRL"), N.Y. City Admin. Code § 8-101 *et seq.* Defendant ConEd now moves, pursuant

to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Benjamin's claims against it.

(Docket No. 19). The crux of ConEd's motion is that Benjamin is impermissibly seeking to

"collect double damages" because he already obtained relief in a New York State Division of

Human Rights ("DHR") proceeding. (Docket No. 18 ("Def.'s Br."), at 1).

If Benjamin were seeking damages for the claims that he brought before the DHR — that

is, lost wages and interest, emotional damages, and reinstatement stemming from his 2011

termination from ConEd — that argument would be compelling. *See, e.g.*, *Gen. Tel. Co. of the*

*Nw. v. EEOC*, 446 U.S. 318, 333 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual."). But ConEd's motion misconstrues the gravamen of Benjamin's claims. Contrary to ConEd's contentions, Benjamin does not seek relief with respect to his 2011 termination. Instead, Benjamin's allegations in this case concern a separate incident that was not addressed by the DHR: namely, a "pre-employment physical examination" and a psychiatric evaluation that Benjamin was made to undergo in 2015 after he was offered reinstatement following a ruling by the DHR in his favor. (*See* Compl. ¶¶ 33-40). To that end, Benjamin seeks neither reinstatement nor back pay (relief that the DHR already granted), but rather compensatory damages for his "significant emotional distress and pain and suffering" and punitive damages. (*Id.* ¶¶ 66-90).

Shifting gears in its reply brief, ConEd makes three arguments as to why Benjamin's claims relating to the evaluations should nonetheless be dismissed, but its arguments are unpersuasive. First, ConEd argues that the medical and psychological evaluations do not qualify as an "adverse action" for purposes of the ADA. (Docket No. 37 ("Def.'s Reply Br."), at 4). Benjamin's claim arises under Title 42, United States Code, Section 12112(d)(3), however, which prohibits an employer from making an offer of employment contingent on a medical examination unless, *inter alia*, "all entering employees are subjected to such an examination regardless of disability." 42 U.S.C. § 12112(d)(3).[1] That is, the statute prohibits discrimination

---

[1]     Benjamin also appears to plead a violation of Section 12112(d)(2), (*see* Docket No. 36, at 11), but that provision is inapposite because it applies to *pre*-offer examinations. *See generally Toole v. Metal Servs. LLC*, 17 F. Supp. 3d 1161, 1177 (S.D. Ala. 2014) (explaining that Section 12112(d)(3) covers "post-offer but pre-employment" examinations, while Section 12112(d)(2) "cover[s] the 'pre-offer' application phase"). Here, ConEd claims, and Benjamin does not dispute, that ConEd "offered Plaintiff reinstatement, conditioned on a re-employment medical examination." (Def.'s Br. 3). Accordingly, the examinations at issue here are more properly analyzed under Section 12112(d)(3).

among those who are required to undergo examination.  *See, e.g.*, *Roberts v. City of Chicago*, 817 F.3d 561, 566 (7th Cir. 2016).  Thus, there is no requirement under Section 12112(d)(3) that a plaintiff plead any "adverse action" beyond discrimination in the administration of such examinations.  *See EEOC v. Grane Healthcare Co.*, 2 F. Supp. 3d 667, 692 (W.D. Pa. 2014) ("A violation of § 12112(d) occurs as soon as a covered employer conducts an improper medical examination or asks an improper disability-related question, regardless of the results or response." (citation and internal quotation marks omitted)).

Second, ConEd argues that Benjamin fails to plead a plausible violation of the ADA because he asserts only "[u]pon information and belief" that "the testing that plaintiff was made to undergo is not typically given to employees for his position or employment class" and Benjamin does not personally have access to information about ConEd's medical examination practices with respect to other employees.  (Compl. ¶ 45; Def.'s Reply Br. 6).  It is true that, to survive a motion to dismiss, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and cannot rely on mere "labels and conclusions" to support a claim, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But a plaintiff is permitted to "plead[] facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant."  *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).  And as ConEd itself concedes (albeit perhaps unwittingly), that is the case here.  (*See* Def.'s Reply Br. 6 ("[Benjamin] would have no way of knowing the nature or extent of the pre-employment medical examinations of other employees.")).  To the extent that ConEd goes further and relies on extrinsic evidence to counter Benjamin's factual allegation, (*see* Def.'s Reply Br. 6 (citing the Declaration of Stephanie Barnhart for the proposition that all ConEd employees "undergo a pre-employment medical

examination")), the argument is improper at this stage of the litigation. *See, e.g.*, *Williams v. Ramos*, No. 13-CV-826 (VB), 2013 WL 7017674, at *8 n.6 (S.D.N.Y. Dec. 23, 2013) ("[I]t is improper for the Court to consider extrinsic evidence attached to a motion to dismiss without converting the motion to dismiss to a motion for summary judgment . . . .").

Finally, ConEd argues that Benjamin fails to "plausibly allege damages." (Def.'s Reply Br. 7). Specifically, ConEd contends that Benjamin's claim that he suffered "significant emotional distress and pain and suffering" is conclusory. (Def.'s Reply Br. 8). A plaintiff can recover compensatory damages, including "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," for a violation of Section 12112(d)(3). *Grane Healthcare Co.*, 2 F. Supp. 3d at 693 (quoting 42 U.S.C. § 1981a(b)(3)). A monetary award under Section 12112(d), however, must be premised on "a cognizable and compensable injury arising out of the medical examination [or] inquiry." *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562 (5th Cir. 1998). In this case, Benjamin satisfies that requirement at the pleading stage by alleging that, during the examination, he was asked "highly personal and intrusive questions, including about [his] childhood." (Compl. ¶ 56). Benjamin claims that he became "anxious" as a result of probing questions "related to physical and verbal abuse[] by his father when he was a child." (*Id.* ¶ 39). When the examiner "persisted in continuing with the examination," Benjamin claims that he "felt frustrated and ashamed that he could not stop [stuttering]." (*Id.*). Consequently, Benjamin alleges that he "suffer[ed] significant emotional distress and pain and suffering." (*Id.* ¶ 66). That is enough to satisfy Rule 8(a)(3) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smolinski v. Oppenheimer*, No. 11-CIV-7005 (JBG), 2012 WL 2885175, at *3 (N.D. Ill. July 11, 2012) ("The emotional distress damages pled in [the] complaint are general damages that fall under the same Rule 8 notice pleading standard as the

rest of the complaint; they need not be pled with specificity to make out a plausible case that [the plaintiff] is entitled to relief, which is all that *Twombly* requires.").

## CONCLUSION

For the foregoing reasons, ConEd's motion to dismiss is DENIED. Unless and until the Court orders otherwise, ConEd shall file an answer **within three weeks of this Memorandum Opinion and Order**. Additionally, the parties shall appear for an initial pretrial conference with the Court on **April 25, 2018, at 2:15 p.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York. In accordance with the Notice of Initial Pretrial Conference, (Docket No. 6), the parties shall file a joint letter and proposed Case Management Plan no later than the Thursday before the conference. The Clerk of Court is directed to terminate Docket No. 19.

SO ORDERED.

Dated: March 20, 2018
      New York, New York

JESSE M. FURMAN
United States District Judge